# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL LAMAR PATRICK,

        Petitioner,        Case Number: 2:17-CV-10747
                                        HONORABLE PAUL D. BORMAN

v.

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE AND DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE

## I. INTRODUCTION

Michigan state prisoner Michael Lamar Patrick filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner is incarcerated pursuant to convictions for two counts of armed robbery. The matter is currently before the Court on Petitioner's motion to hold these proceedings in abeyance to allow him to exhaust his claims in the state courts. The Court denies Petitioner's motion and instead dismisses the habeas petition without prejudice. The Court also denies a certificate of appealability.

## II. PROCEDURAL HISTORY

Petitioner was convicted by a jury in Oakland County Circuit Court of two counts of armed robbery. On February 5, 2015, he was sentenced as a fourth habitual offender to

twenty-five to forty years' imprisonment for each conviction.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising a claim that insufficient evidence supported his convictions. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Patrick,* No. 326351, 2016 WL 3030877 (Mich. Ct. App. May 26, 2016). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Patrick,* 888 Mich. 115 (Mich. Jan. 5, 2017).

Petitioner then filed the pending habeas corpus petition. At the same time he filed the habeas petition, Petitioner filed a Motion to Hold Habeas Corpus Petition in Abeyance.

### III. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state

2

court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

In this case, the petition raises only unexhausted claims concerning Petitioner's sentence and the alleged ineffective assistance of counsel. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may provide Petitioner the relief he seeks, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008), citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). A stay is only appropriate when the district court determines that the statute of limitations poses a concern, there was good cause for the petitioner's failure to exhaust his claims first in state court, the claims are not "plainly meritless", and the petitioner did not engage in intentionally dilatory litigation tactics. *Id.* at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run the conviction becomes final, 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). Petitioner's state court conviction became final on April 5, 2017 pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his habeas corpus petition on March 2, 2017, before the limitations period commenced. Further, the limitations period will be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so. A stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### IV. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion to Hold Habeas Corpus Petition In Abeyance (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus (ECF No. 1).

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

4

constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 25, 2017.

s/Deborah Tofil
Case Manager

5